UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTHUR D'AMARIO III, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:10-cv-00280 |
| | ) |
| NATALIA MENDES, et al., | ) |
| | ) |
|    Defendants | ) |

## RECOMMENDED DECISION

Arthur D'Amario III has been denied leave to proceed in forma pauperis because he has accumulated three 28 U.S.C. § 1915(g) strikes. (See Order, Doc. No. 7.) He was given until September 16, 2010, as the extended deadline by which the $ 350.00 filing fee had to be paid and warned that his failure to pay the filing fee would result in a recommendation that this action be dismissed. (See Order, Doc. No. 9.) I now recommend dismissal of the action pursuant to 28 U.S.C. 1915(g) because D'Amario has accumulated "three strikes" and is no longer entitled to in forma pauperis status.

## DISCUSSION

Arthur D'Amario, an inmate at a federal prison facility in California, has filed a complaint against Natalia Mendes and Debra Ann Sellers alleging that they have conspired between themselves and with others to harass and intimidate D'Amario. His list of grievances against these two defendants is lengthy, beginning with conduct in 1996 and continuing through to the present. Although most of the contact alleged in the complaint arose during the 1996 to 1999 timeframe, when D'Amario claims to have been involved in "dating" relationships with one or both defendants, he also implausibly alleges, on information and belief, that at various times between 2002 and 2009 Mendes and Sellers impersonated him for the purpose of having

his name taken off a Section 8 housing waiting list.  Section 1915(g) of title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To reiterate, D'Amario has three strikes.  See In re D'Amario, Civ. No. 1:07-CV-00324, 2008 WL 2471822, * 1 (D.N.H. June 13, 2008)(Woodcock, C.J.) (concluding that D'Amario has three strikes under 28 U.S.C. § 1915(g)).  D'Amario has been given notice of his status and has not paid the filing fee.

D'Amario wants this court to suspend operation of § 1915(g) because he apparently claims he is in imminent danger of serious physical injury.  (Compl. ¶¶ 7-9.)  The immediacy of this danger is contingent upon the allegation that D'Amario is "likely to obtain a federal court order for his release in the summer or fall of 2010."  (Id. ¶ 7.)  Assuming that D'Amario is about to be released and intends to immediately return to Rhode Island, the conclusory allegations in his complaint do not support a finding that he is under imminent danger of serious physical injury.  Accordingly I cannot recommend that the statutory bar be suspended.  I do recommend the dismissal of this complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge

September 21, 2010